UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   20-MJ-6518-STRAUSS

UNITED STATES OF AMERICA

v.

LUIS FELIPE MORENO ZAPATA and
JORGE MARIO ARBOLEDA VARGAS,

    Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?    ___Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___Yes  _X_ No

                          Respectfully submitted,

                          ARIANA FAJARDO ORSHAN
                          UNITED STATES ATTORNEY

By: _____
    DANIEL MARCET
    ASSISTANT UNITED STATES ATTORNEY
    Court No. A5502256
    U.S. Attorney's Office, HIDTA
    11200 NW 20th Street
    Miami, Florida 33172
    Tel: (305) 715-7642/7654
    Email: Daniel.Marcet@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>LUIS FELIPE MORENO ZAPATA and<br>JORGE MARIO ARBOLEDA VARGAS,<br><br>*Defendant(s)* | Case No.  20-MJ-6518-STRAUSS |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  October 11, 2020  in the county of  Broward  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 963 | Conspiracy to Import MDMA into the United States |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christina M. Feo, HSI Special Agent
*Printed name and title*

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

Date:  October 12, 2020

_____
*Judge's signature*

City and state:  Fort Lauderdale, Florida    Jared M. Strauss, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Christina M. Feo, being duly sworn, depose and state as follows:

1. I am a Special Agent employed with U.S. Department of Homeland Security, Homeland Security Investigations (HSI) in Fort Lauderdale, Florida, and have been so employed since May 2019. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations and make arrests for offenses enumerated in Titles 18 and 21 of the United States Code. As a Special Agent, my duties include the investigation of customs and immigration laws, including the investigation of narcotics entering the United States.

2. The facts contained in this Affidavit are based on my personal knowledge and information provided to me by other law enforcement officers. This Affidavit is being submitted for the limited purpose of establishing probable cause that Jorge Mario VARGAS ARBOLEDA ("VARGAS ") and Luis Felipe MORENO ZAPATA ("ZAPATA") did knowingly and willfully conspire to import into the United States, from a place outside thereof, a controlled substance, that is, approximately 1.89 kilograms of a mixture and substance containing a detectable amount of MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 963 and 952(a).

3. The facts set forth in this Affidavit are intended solely to establish probable cause for the arrest of VARGAS and ZAPATA, and do not constitute all the facts known to law enforcement officers regarding this matter. However, no information known that would tend to negate probable cause has been withheld from this Affidavit.

4. On or about October 11, 2020, ZAPATA, a citizen of the United States, and VARGAS ARBOLEDA, a Colombian National, arrived at Fort Lauderdale/Hollywood International Airport (FLL), on board a flight from Medellin, Colombia.

5. Upon their arrival, U.S. Customs and Border Protection (CBP) selected ZAPATA and VARGAS for secondary inspection. Both ZAPATA and VARGAS were asked whether the suitcase each of them was carrying belonged to him, and if he had packed it himself. VARGAS responded that the suitcase was his and he had packed it himself. ZAPATA responded that the suitcase was his and he had packed it himself.

6. A CBP officer removed the contents from VARGAS's suitcase, but detected that the suitcase remained somewhat heavy and placed the suitcase on the x-ray belt for an examination. During this inspection, CBP officers discovered an anomaly contained within the frame of the suitcase, as well as concealed inside of a book in the suitcase, CBP located a pink powdery substance resembling "2CB" or "pink cocaine," an increasingly common street drug composed of multiple controlled substances.

7. CBP field tested the pink powdery substance, which yielded a positive result for the presence of MDMA. CBP weighed the pink powdery substance, which weighed approximately 1.89 kilograms. Based on my training and experience with 2CB and based on a previous analysis conducted by the Drug Enforcement Administration, I know that 2CB is a drug cocktail that includes MDMA (a Schedule I drug), LSD, ketamine and other synthetic substances.

8. A similar examination was performed on ZAPATA's suitcase, and nothing abnormal was discovered. However, during a border search of ZAPATA's cellular telephone, law enforcement observed a photograph of VARGAS. Based on my training and experience, I

know that drug mules frequently travel with higher-level drug traffickers when importing narcotics into the United States. The mules carry the drugs and the higher-level drug traffickers travel on the same flight to ensure that the narcotics arrive to their intended destination.

9. Law enforcement read VARGAS his Miranda rights, which he waived and agreed to speak to law enforcement. VARGAS stated that he agreed to smuggle 2CB from Medellin, Colombia, into the United States in order to pay off a prior debt. VARGAS further stated that in exchange for being a courier and smuggling drugs into the U.S., he would have his debt canceled and also earn $250 upon arrival of the 2CB to Miami, Florida. VARGAS elaborated and stated that a stranger had dropped off the black suitcase to his house, at an address in Colombia, which was preloaded with the 2CB. Then, as directed by the individual to whom VARGAS owed the debt as well as another unidentified male, VARGAS transported the suitcase to the airport in Medellin and then flew to Fort Lauderdale. VARGAS was then supposed to meet an individual at the airport in Fort Lauderdale to deliver the narcotics and be paid.

10. Law enforcement read ZAPATA his Miranda rights, which he waived, and agreed to speak to law enforcement. ZAPATA stated that he personally made the 2CB seized from VARGAS. When the narcotics arrived in the United States, ZAPATA and two other co-conspirators planned to sell the narcotics. ZAPATA anticipated that he would earn at least $10,000 from the sales. ZAPATA explained that VARGAS was supposed to deliver the narcotics to one of the coconspirators who was going to pick them up from the airport.

11. Based on the foregoing facts, I submit that there is probable cause to believe that ZAPATA and VARGAS did knowingly and willfully conspire to import into the United States, from a place outside thereof, a controlled substance, that is, approximately 1.89 kilograms of a

mixture and substance containing a detectable amount of MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 963 and 952(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
SPECIAL AGENT CHRISTINA M. FEO
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime on October __12__, 2020.

_____
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

4